**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

STEPHEN CARY,

    Plaintiff,

vs.                                           Civil Action No.:

FIDELITY NATIONAL TITLE GROUP,
INC., a Foreign for Profit Corporation,

    Defendant,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, STEPHEN CARY ("Plaintiff" or "Cary"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, FIDELITY NATIONAL TITLE GROUP, INC., ("Defendant" or "FIDELITY "), a Foreign for Profit Corporation and states as follows:

**INTRODUCTION**

1. This is an age discrimination action brought pursuant the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq*. ("ADEA") as well as Fla. Stat. 760 *et. seq*. (the "FCRA"), by STEPHEN CARY, a 78-year-old Title Examiner who was discriminated against in the hiring practices of Defendant for no reason other than his age. CARY seeks all legal and equitable relief available under the ADEA and the FCRA.

**NATURE OF THE ACTION**

2. CARY is pursuing a claim for unlawful age discrimination. CARY applied for the position of Title Examiner with FIDELITY, a nationwide title group and a member of Fidelity National Financial (a family of companies) and the nation's largest group of title

1

companies and title insurance underwriters that collectively issue more title insurance policies than any other title company in the United States. Upon submitting his resume and stating that he had over 40 years of experience CARY received an email from the Operations Manager, Krystal Bruce stating:

> I spoke to my manager and we are looking for an examiner that will be more long term. You have great experience and we would definitely benefit from your expertise but we have a couple examiners looking to retire and we are looking for their replacements. Thank you!

3. FIDELITY's decision not to employ CARY was based solely on his age. Based upon information and belief the individual hired for the position was under the age of forty (40).

4. CARY seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant regularly conducts business in this judicial district.

## PARTIES

7. At all times material to this action Plaintiff was a resident of Brevard County,

2

Florida.

8. Plaintiff, STEPHEN CARY, was at the time material to this Complaint a 75 year-old man.

9. At all material times, Plaintiff was protected by the ADEA because he is over forty (40) years of age.

10. At all material times, Plaintiff was protected by the FCRA by virtue of his age.

11. At all material times, Plaintiff was and is an individual protected by the ADEA.

12. At all material times, Plaintiff was and is an individual protected by the FCRA.

13. At all times material to this action, FIDELITY NATIONAL TITLE GROUP, INC., was, and continues to be, a Foreign for Profit Corporation, engaged in business in the State of Florida, doing business in Brevard County, Florida.

14. At all times material, Defendant was an "employer" as contemplated by the ADEA.

15. At all times material, Defendant was an "employer" as contemplated by the FCRA.

16. Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

## **CONDITIONS PRECEDENT**

17. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

18. On July 1, 2019, the EEOC issued Plaintiff a Letter of Determination concluding that the evidence obtained in the investigation establishes reasonable cause to

believe that Respondent discriminated against the Charging Party because of his age, when it failed to hire Charging Party, in violation of the ADEA. A copy of the Letter of Determination is attached as **Exhibit A.**

19. On February 12, 2020 the EEOC issued a Notice of Right to Sue against FIDELITY with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit B**.

20. Plaintiff files this complaint within the applicable statute of limitations.

21. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

22. All conditions precedent to this action have been satisfied and/or waived.

## **GENERAL ALLEGATIONS**

23. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 621 et seq. because it intentionally discriminated against Plaintiff based upon his age.

24. Defendant discriminated against CARY on account of his age, in its hiring practices.

25. On November 7, 2016, CARY sent an email to Defendant's Operation Manager, Krystal Bruce, applying for the position of Title Examiner, attaching his resume and indicating he had in excess of forty (40) years of experience as a title examiner.

26. On November 10, 2016, CARY received an email from Ms. Bruce stating:

> I spoke to my manager and we are looking for an examiner that will be more long term. You have great experience and we would definitely benefit from your expertise but we have a couple examiners looking to retire and we are looking for their replacements. Thank you!

27. Defendant's reasons for failing to hire Plaintiff are direct evidence of age discrimination.

28. On information and belief, the individual hired for the position of Title Examiner was younger and less qualified than CARY for the position.

29. Defendant's action in failing to employ CARY constitutes discrimination in violation of the ADEA and the FCRA.

30. Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal and state law, yet Defendant acted wantonly or with reckless disregard for the law.

31. Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant, including the decision to utilize age as a factor in failing to hire Plaintiff.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

32. Plaintiff re-alleges paragraphs 1 through 31, as if fully set forth herein.

33. The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . ." 29 U.S.C. § 623(a).

34. Plaintiff is and was an individual protected by the ADEA.

35. Plaintiff is over the age of 40.

36. Defendant was an employer within the meaning of the ADEA.

37. Plaintiff was qualified for the position of Title Examiner.

38. Plaintiff was subjected to different and worse treatment than the younger candidates who applied for the position of Title Examiner.

39. Plaintiff was not hired by FIDELITY on account of his age.

40. On information and belief a lesser qualified, younger candidate was hired by FIDELITY for the position of Title Examiner.

41. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

42. Defendant has no legitimate, non-discriminatory reason for the decision not to hire Plaintiff.

43. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

44. Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

45. Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling him to liquidated damages.

46. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

47. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT II

### UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (AGE)

48. Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

49. The Florida Civil Rights Act makes it unlawful for an employer "to refuse to hire any individual . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

50. Plaintiff was and is an individual protected by the provisions of the FCRA.

51. Plaintiff is over the age of 40.

52. Defendant was an employer within the meaning of the FCRA.

53. Plaintiff was qualified for the position of Title Examiner.

54. Plaintiff was subjected to different and worse treatment than the younger candidates who applied for the position of Title Examiner.

55. Plaintiff was not hired by FIDELITY on account of his age.

56. On information and belief a lesser qualified, younger candidate was hired by FIDELITY for the position of Title Examiner.

57. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was a violation of the FCRA. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

58. Defendant has no legitimate, non-discriminatory reason for the decision not to hire Plaintiff.

59. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

60. Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

61. Defendant's age-discriminatory behavior towards Plaintiff was knowing and willful, or in reckless disregard of the law entitling him to punitive damages.

62. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

63. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees and all such other relief as the court deems just and proper which include:

   a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADEA and FCRA;

    b.  Award Plaintiff all lost wages, past and future, and other monetary damages to which he is entitled to including interest;

    c.  Award Plaintiff compensatory damages in whatever amount he is found to be entitled;

    d.  Award Plaintiff liquidated damages in whatever amount he is found to be entitled;

    e.  Award Plaintiff punitive damages in whatever amount he is found to be entitled;

    f.  Award of interest, costs and reasonable attorneys and expert witness fees;

    g.  Award of equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate or available pursuant to statutes cited herein or otherwise.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 11th day of May, 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*s/ Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com
*Trial Counsel for Plaintiff*